# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MICHAEL CURTIS REYNOLDS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | 3:19-cv-00436-SMY |
| USA, | ) | |
| Respondent | ) | |

| MICHAEL CURTIS REYNOLDS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | |
| TERRELL, | ) | 3:19-cv-00460-SMY |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management and screening. Petitioner Michael Reynolds, a federal inmate housed at Greenville Federal Correctional Institution ("FCI Greenville"), filed the two above-captioned cases pursuant to 28 U.S.C. § 2241 challenging his placement at Greenville under 18 U.S.C. § 3621(b), as amended by the First Step Act, Pub.L. 115-391, Title VI, § 601 (2018).

Reynolds is currently serving a 360-month sentence at FCI Greenville. *United States v. Reynolds*, 374 F. App'x 356, 358 (3d Cir. 2010). He asserts that the First Step Act mandates that he be placed at an institution near his projected release area in Connecticut. (19-cv-436, Doc. 1). Specifically, he alleges he is entitled to be transferred to a low-security or medium-security prison within 500 miles of his home in Bristol, Connecticut. He also alleges that a case manager, Ms.

Patterson, has improperly applied a "management variable" to keep him at FCI Greenville in defiance of the First Step Act. (19-cv-460, Doc. 1, pp. 1, 11).

For the following reasons, these cases will be **CONSOLIDATED** and **DISMISSED with prejudice.**

### Consolidation of Cases

A review of the Petitions in these cases indicate that these cases are related. In both, Reynolds contends that he has been misclassified and seeks transfer to a correctional facility closer to his projected release area of Bristol, Connecticut. It appears that despite naming a different respondent and being filed without a case number, Reynold's second § 2241 Petition is actually a supplement to the first. Related cases filed within the same U.S. District Court should generally be consolidated. *See, Smith v. Check-N-go of Illinois, Inc.* 200 F.3d 511, 513 n.1 (7th Cir. 1999); *Blair v. Equifax check Services, Inc.*, 181 F.3d 832, 839 (7th Cir. 1999). Accordingly, *Reynolds v. USA*, 19-cv-00436 and *Reynolds v. Terrell*, 19-cv-00460 are hereby **CONSOLIDATED** for all further proceedings. *Reynolds v. USA*, 19-cv-00436 shall be the lead case; All future pleadings shall be filed in that case and contain case number 19-cv-00436.

### Merits Review

The Court is required to review the Petitions pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the rules to other habeas corpus cases.

5

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 490, (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Relief may be granted where the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2241(c)(3). However, a civil rights action is the proper vehicle to challenge to the conditions of a prisoner's confinement. *Preiser*, 411 U.S. at 499. *See also Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1995) (habeas corpus is the vehicle to seek a "quantum change in the level of custody" such as release on parole, but a prisoner "seeking a different program or location or environment . . . is challenging the conditions rather than the fact of his confinement" and must do so under civil rights law).

Here, the relevant portion of the statute on which Reynolds' claim is based states:

> [t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment, and shall, subject to bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons, place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence.

18 U.S.C. § 3621(b).

Reynolds is clearly not challenging the fact or duration of his confinement, but rather where within the BOP he will serve his time. While Reynolds requests transfer to the low-security institution at Danbury, he also lists two potential transfer institutions that are medium-security like FCI Greenville. As such, a § 2241 petition is not the proper vehicle for his request for transfer.

Additionally, Reynolds' alleged misclassification by Ms. Patterson cannot be addressed under § 2241. That is because "[s]ection 2241 does not permit review of prison and parole decisions after the fashion of the Administrative Procedure Act; a prisoner seeking relief under §

2241 must demonstrate that the custody is unlawful, and not just that an administrative official made a mistake in the implementation of a statute or regulation." *Bush v. Pitzer*, 133 F.3d 455, 456–57 (7th Cir. 1997).

Finally, the very statute under which Reynolds claims entitlement to transfer undercuts his claim. While adding the 500-mile provision, the First Step Act amended § 3621(b) to state "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." *See United States v. Tovar-Zamorano*, 2019 WL 2005918 at *2 (D. Kan. May 7, 2019) (stating the First Step Act "does not divest the BOP of its statutory discretion to determine the location of an inmate's imprisonment"); *Porche v. Salazar*, 2019 WL 1373683 at *1 (D. Or. Mar. 5, 2019) (same). Therefore, the Court cannot order a transfer to a specific institution as sought by Reynolds.

## Conclusion

Reynolds's Petitions for habeas relief under 28 U.S.C. § 2241 (19-cv-436, Doc. 1 and 19-460, Doc. 1) are **DENIED**. These causes of action are **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly. All pending motions are **DENIED as moot.**

If Reynolds wishes to appeal the dismissal of these actions, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*

5

*v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. A certificate of appealability is not required to appeal from a properly filed motion under § 2241. *Behr v. Ramsey,* 230 F.3d 268, 270 (7th Cir. 2000) ("no certificate of appealability is required in proper § 2241 cases like this one"). However, because the petition in this case is not a proper § 2241 motion, the Court will address the issue of the certificate of appealability.

To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Here, there is no arguable basis for reasonable jurists to debate the outcome. As such, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

**DATED: January 29, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**